Judge Hitchcock;
delivered the opinion of the court:
The pleadings in this ease present this question, “ whether an .action of debt upon simple contract, the cause of action accruing ^before the passage of the limitation law of 1824, is barred, if not commenced within six years from the time the cause of action accrued. By an examination of the limitation acts of January 4, 1804, Chase’s Stat. 392, and January 25, 1810, Chase’s Stat. 655, it will be seen that the time within which the following actions shall be brought is limited, to wit: Trespass for assault and battery, slander for words spoken, as for libel, false imprisonment, actions upon book account, for forcible entry and detainer, trespass upon real property, trespass, detinue, trover, replevin, actions upon the case, debt for rent, actions of covenant or debt upon specialty, and actions of ejectment. In both acts the limitation is made to operate not upon the cause, but upon the form of action, except so far as relates to actions founded upon book .account. Actions of debt upon simple contract, are not enumerated as among those limited; and the court, at an early period, decided upon the circuit, that actions of this description were not within .either of these statutes, unless the cause of such action was book account. After the organization of the court in bank, the same was held in the case of Tupper v. Tupper, Ohio, 387.
It is supposed by counsel, however, that'this action is barred by the act of February 25, 1824, more than six years having intervened between the passage of that act and the commencement of this suit. This act, among other things, provides that actions upon the case, and debt founded upon specialty, or any agreement in writing, shall be brought within fifteen years; if founded upon any simple contract, not in writing, within six years from the time the cause of action accrued. By this act, that of 1810 is repealed with the following proviso, “that nothing •in this act shall be construed to extend any action or cause of action which may have been heretofore barred by any statutes of limitation; but all such actions and causes of action shall be adjudged and decided under the statutes by which they have respectively been barred.” Chase’s Stat. 1402, 1403. Taking this act by itself, there might be difficulty in the case under consideration, as the pleadings do not show whether the action is founded •upon a written contract or otherwise. The form of the declaration is for money, lent, advanced, and deposited; but this is no *447 criterion by which to judge of the evidence to be adduced. The declaration might be sustained as well, at least, by written as unwritten evidence. If, however, the contract rested in *parol merely, the cause of action would seem to bo barred, as six years had transpired after the passage of this act and before the commencement of the suit. But for the purposes of this case, the act of 1824 can not he taken by itself alone. On February 8,1826, an act supplementary to that of 1824 was passed. Chase’s Stat. 1528. The reason of enacting this latter law is stated in a preamble. It was because doubts had arisen, in consequence of the peculiar phraseology of the proviso or saving clause in the act of 1824, whether that act did not suspend the operation of all former acts for the limitation of actions and causes of action, not actually barred by such former aetfj, prior to February 25, 1824. To remove these doubts, the acts of 1804 and 1810 are expressly revived, so far as relates to all causes of action accruing during their continuance in force, and are to be barred by the operation of those statutes, and no other. In construing the act of 1824, it must be taken in connection with this supplementary law; and being so taken, there can be no difficulty. The intention of the legislature is-clear that all actions shall be barred by the limitation law in force at the time the causes of action accrued. It was not the design that the law of 1824 should have a retrospective, but a prospective operation. Not that it should affect causes of action which had already accrued, but those which might thereafter accrue.
Such has been the policy of all the state legislation upon this subject, with perhaps a trifling exception in the act of January 4, 1804. This was the first law upon the subject, after the organization of the state government. In section 1, several actions and'"causes of action are limited, and lest it should bo supposed that existing causes of action might be thereby barred, it is enacted in section 5, “thatall causes of action enumerated in this act, which, have already accrued, shall only be barred by counting time of' limitation given to those actions respectively from the passage of this law.” Chase’s Stat. 393. In the act of 1810, there is a section providing “that all causes of action enumerated in this act, which accrued before the passage of the act of 1804, shall only be barred by the provisions thereof, as well as those causes of action which have accrued since the passage of the act aforesaid, and before the passage of this law.” Chase’s Stat. 656. Next comes the act of *448 1824, with the supplementary law of 1826, which have been already considered, *and then the act of February 18, 1831, which is still in force. The phraseology of the saving clause in this statute is somewhat different from the others, but the effect is the same. It is as follows: “ That all causes of action not heretofore barred,, which subsisted or accrued during the time those acts were in force, shall be commenced within the times therein limited, and not after; and all such actions shall be barred after the expiration of the several times allowed for their commencement, according to the provisions of said acts respectively, and their amendment.” Chase’s-Stat. 1768. It has been contended that causes of action which were actually barred, are not within this saving clause. But such could never have been the intention of the legislature. It would be the-height of absurdity to suppose that they intended to continue thosepre-existing statutes in operation, so far as respected causes of action which were not barred, and to repeal them to such as were. It was held differently by this court, in the case of Bigelow v. Bigelow, 6 Ohio, 97. And with the construction put upon this part of the statute in that case we are satisfied.
From a careful examination of all the legislation of the state-upon this subject, we are led to the conclusion that the laws are so framed that all actions and causes of action must be governed by the limitation law in force at the time the cause of action accrued.
Applying this principle to the cause under consideration, the plaintiffs are entitled to judgment on the demurrer ; because when the cause of action accrued, the law of 1810 was in force, and by that law, there was no limitation to the action of debt upon simple-contract.